## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: _____

_____

RAENELL SUTTER,

                     Plaintiff,                               **COMPLAINT**

v.

                                                **JURY TRIAL DEMANDED**

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                     Defendant.

_____

## INTRODUCTION

1.     This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3.     Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4.     Plaintiff Raenell Sutter (hereinafter "Plaintiff"), is a natural person residing in the County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a

violation of the FDCPA with standing to bring this claim under 15 U.S.C. 1692k(a).

5.  Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant"), is a "debt collector," as defined by § 1692a(6) of the FDCPA, operating from an address of 120 Corporate Boulevard Norfolk, VA 23502.

## FACTUAL SUMMARY

6.  Sometime prior to June 2009, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a line of credit for personal expenses from the entity HSBC Bank Nevada, N.A with account number 601138003006**** ("The Alleged Debt" herein).

7.  Plaintiff's credit reports reflect that The Alleged Debt was paid in full on June 15, 2009.

### Plaintiff Applies For And Is Denied Credit

8.  On January 16, 2012 Plaintiff applied for a credit line with the entity NCP Financial Group.

9.  On January 17, 2012 Plaintiff received an email from the entity NCP Financial Group denying her application for credit because Plaintiff's credit score was below the minimum accepted score of 620.

10. Plaintiff subsequently made requests for her credit reports.

11.     Plaintiff's credit reports indicate that Defendant reported The Alleged Debt
        was consigned, placed or otherwise transferred to Defendant for collection on
        July 27, 2010.

12.     Plaintiff's credit reports simultaneously indicate The Alleged Debt was paid
        in full On June 15, 2009.

### Plaintiff's Efforts to Cure Credit Report Errors

13.     On January 26, 2012 Plaintiff sent Defendant a letter demanding corrections
        be made to Plaintiff's credit report.

14.     To date Defendant has not corrected the error.

15.     Plaintiff suffered actual damages under the FDCPA in the form of denial of
        credit, sleeplessness, and embarrassment when talking to or seeing friends
        and family.

### Violation of The Fair Debt Collection Practices Act

16.     Defendant's communication of false credit information and failure to correct
        that information constitutes a violation of 15 U.S.C. §§ 1692e, 1692e(2)(a),
        1692e(8)  amongst others.

### Respondeat Superior Liability

17.     The acts and omissions of Defendant, and/or the other debt collectors
        employed as agents by Defendant who communicated with Plaintiff- further
        described herein- were committed within the time and space limits of their
        agency relationship with their principal, Defendant.

18.    The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

19.    By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

20.    Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

21.    The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

22.    Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

**TRIAL BY JURY**

23.    Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

4

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

24.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

26.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES

## ACT

## 15 U.S.C. § 1692 et seq.

27.     For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against

Defendant and for Plaintiff;

28.     For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against Defendant and for Plaintiff; and

29.     For an award of costs of litigation and reasonable attorney's fees pursuant to 15

U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.


Respectfully submitted,


Dated:  June 25, 2012          MARTINEAU, GONKO & VAVRECK, PLLC


 s/ Mark L. Vavreck                                    .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com